IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JIMMIE MAHAN, JR.,**

      **Plaintiff,**

v.                                               No. 22-cv-0458-WJ-JHR

**REHOBOTH TRUCKING, LLC, and
FITSUM GEBRETSADIK,**

      **Defendants.**

### ORDER GRANTING MOTION TO COMPEL DISCOVERY

This matter comes before the Court on Defendants Rehoboth Trucking, LLC and Fitsum Gebretsadik's Motion to Compel Discovery [Doc. 30]. Plaintiff Jimmie Mahan, Jr. filed a response [Doc. 32] and Defendants filed a reply [Doc. 33]. Between Mahan's response and Defendants' reply, Mahan provided a few new documents mixed in with duplicates of prior disclosures in what Defendants call a "document dump"; nonetheless, they state "[a[]t no point has Plaintiff supplemented his discovery responses." [Doc. 33, pp. 2-3].

The underlying case concerns a collision between two tractor-trailer combinations driven by Plaintiff Mahan and Defendant Gebretsadik; the latter was driving under contract with Rehoboth. *Complaint* and *Answer*, [Doc. 1-2, pp. 2, 12]. Mahan blames the accident and his resulting damages on the negligence of Defendants and also claims that Rehoboth is liable under *respondeat superior*. [Doc. 1-2, pp. 3-9]. Mahan asks for an award of damages for past and future "medical costs, lost wages, loss of earning capacity, pain and suffering, mental anguish, physical impairment, and any other damages that will be proved at trial." For the reasons stated below, the Court will **GRANT** Defendants' Motion to Compel.

1

**Applicable Law**

The Local Rules of the federal District Court for the District of New Mexico impose mandatory disclosure requirements at the outset of certain cases:

> In all cases in which the physical or mental medical condition of a party is an issue, the party whose condition is an issue must make a good faith effort to produce the following information that the disclosing party may use to support its claims or defenses, unless solely for impeachment:
> **(1)** a list of the name, address and phone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals which have treated the party within the last five (5) years preceding the date of the occurrence set forth in the pleadings and continuing through the current date;
> **(2)** all records of such healthcare providers which are already in that party's possession, which will be made available for inspection and copying by all other parties to the action;
> **(3)** for each healthcare provider, a signed authorization to release medical records form, as set forth in Appendix "A." Within fourteen (14) days after receiving medical records by use of these authorization forms, a party must make the records available for inspection and copying by all other parties to the action.

D.N.M.LR-Civ. 26.3(d).

The scope of ordinary civil discovery under the Federal Rules is intentionally broad and intended to be "construed, administered and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Rules also provide:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

An objection to an interrogatory must state the grounds "with specificity." Fed. R. Civ. P. 33(b)(4). An objection to a request for production "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Generally, unless an objection is merited on its face, the proponent of the objection has the burden of persuasion. *See, e.g., Bindner v. Traub*, 2022 WL 2341671, at *6 (D.N.M. June 29, 2022) (citations omitted).

Defendants allege that Mahan's initial disclosures and responses to written discovery requests are inadequate under governing authority and Mahan's objections are meritless. Defendants state that they limited the temporal scope of some requests and asked for supplementation, but did not receive it before their motion deadline. [Doc. 30, p. 4].

Failure to provide mandatory initial disclosures is sanctionable under Fed. R. Civ. P. 16(f) as informed by Fed. R. Civ. P. 37(b)(2). Failure to provide proper responses to written discovery requests are sanctionable under Fed. R. Civ. P. 37(d). Notably, under Rule 37, an unjustified failure to comply with discovery rules, by any party, generally triggers a mandatory award of reasonable expenses including attorney fees. Fed. R. Civ. P. 37(d)(3).

An analysis of specific requests and responses follows. To support that analysis, the Court finds that Mahan's claims encompass such issues as his pre-existing physical and mental health and associated treatment; the nature of his injuries from the collision including evidence of pain and impairment, if any; medical treatment from the date of injury to the present; medical improvement to date and any future impairments and reasonably necessary medical treatment in the future; the past and future expenses for treatment; and his past and future earning capacity.

## Medical Providers and Records

Defendants alleged in their motion that Mahan failed to provide with his initial disclosures signed medical records releases for any of his providers, or a list of healthcare providers for the last five years,[1] or a list of providers subsequent to his treatment immediately after the collision. The specified information is required by local rule. D.N.M.LR-Civ. 26.3(d). Gebretsadik requested signed HIPAA authorizations and medical records authorizations in subsequent requests for production and interrogatories. [Doc. 30-1, pp. 3-4, 10-11].

Mahan objected to signing HIPAA and medical record authorizations because they are "not required to be produced under the Federal Rules of Civil Procedure", are an overbroad invasion of privacy, and not proportional to the needs of the case. [Doc. 30-1, pp. 3-4]. At the time the motion was filed, Mahan had not provided any supplementary signed authorizations. [Doc. 30, p. 6]. Mahan stated that "the requested medical authorizations" were provided with his response to the motion to compel. [Doc. 32, pp. 1, 4].

Mahan's position was clearly erroneous in a case where he places his medical and mental health at issue and claims injuries proximately caused by the negligence of Defendants. Defendants are entitled to discover his preexisting conditions of physical and mental health, the injuries, if any, diagnosed after the collision and their apparent causation, and the scope and success of subsequent treatment, including its reasonable and necessary expense. Mahan's proposal to "tender the requested medical and/or billing records in lieu of providing an executed release" was untenable because he is not entitled to be the sole determinant of what records must be disclosed. His failure to provide the releases in initial disclosures or in response to

---

[1] Gebrertsadik's Interrogatory No. 1 asked for identification of medical providers for the previous ten years, beyond the five-year scope of the local rule governing initial disclosures.

discussions prior to Defendants filing their to compel is a violation of his discovery obligations deserving of sanctions.

### Employment and Social Security Records

Defendants asked Mahan to sign releases for employment and social security records in Requests for Production Nos. 2 and 3. [Doc. 30-1, p. 3]. Mahan objected that they were "not required" under the civil rules, were overbroad and an invasion of privacy, and disproportional to the needs of the case. *Id.* Nevertheless, he would provide the specific records rather than the signed authorizations. *Id.*

Like his health, Mahan's claims put in issue his historical earnings likely to be documented in employment and social security records. Defendants need not rely upon an opposing party to provide complete records when they are readily available from a third party with a signed release. To enforce a request for a signed release is consistent with the overarching purpose of the civil rules to secure a "just, speedy, and inexpensive determination" of the case. Fed. R. Civ. P. 1.

### Income and Earnings Records

Defendants asked in Request for Production No. 5 for "all documents reflecting your sources of income and reflecting any activities designed to produce income in the last ten … years, including but not limited to your state and federal tax returns for the past ten … years." [Doc. 30-1, p. 4] (emphasis omitted). Mahan objected that the request was irrelevant, overbroad, unduly burdensome, and harassing, should be limited to earned income only, and should be further limited in time. *Id.* He provided "minimal pay stubs and limited tax returns." [Doc. 30, p. 3].

Mahan's substantive objections are without merit. The requested documents are relevant, not overbroad nor unduly burdensome, and were accompanied by no indication that Defendants had the intent to harass. The proposed limitation to earned income is trivial upon review of the provided tax returns where the only unearned income is about $2,000 of pension benefits in 2019, a smaller amount of gambling income over the entire period, and $27 of interest income in 2021. [Doc. 32-1, pp. 13-164]. Mahan should be far more concerned about explaining the disparity between his claimed and documented income in the context of his prayer for damages.

### Reports or Claims Arising from the Incident

Defendants asked in Request for Production No. 11 for "all reports or claims filled out by you, through you, for any insurance company, as a result of the incident and injuries…." [Doc. 30-1, p. 6]. Mahan again objected that the request was irrelevant, overbroad, burdensome, harassing, and disproportional. *Id.* He provided no documents in response. *Id.* After Defendants filed their motion to compel, Mahan produced records of his workers compensation claim. [Doc. 32, p. 3]. He refused to provide any other records or to represent that no such other records exist.

The requested information, generally characterized as Mahan's previous statements on the precise subject matter of his lawsuit, is clearly relevant as corroborating or challenging his other representations and does not remotely support his other objections. In the absence of a sworn representation that there are no such records, Mahan should be compelled to provide any that exist.

### Contemporaneous Communications

Defendants asked for identification (date, time, nature, and means) of all of Mahan's communications during the twenty-four hours before and after the collision in Interrogatory No.

5. [Doc. 30-1, p. 11]. Mahan objected that the question was overbroad, burdensome, irrelevant and not reasonably limited in time. *Id.* Mahan then responded that he "only used his cell phone to call 911 and his employer following the crash." *Id.* In his response to Defendants' motion to compel, Mahan pronounces without any citation to authority that "Defendants are not entitled to additional information regarding who Plaintiff spoke to with in [*sic*] the 24 hours prior to or subsequent to this crash."[2]

Mahan's objections are meritless and he should be compelled to disclose the requested information.

### Contemporaneous Activities

Interrogatory No. 9 asked for Mahan's "whereabouts, work schedule, school schedule and any other activities for the 7-day-period preceding the accident." [Doc. 30-1, p. 12]. Mahan objected, without statement of authority, that the request impermissibly calls for a narrative and he should not have to answer until mid-deposition. *Id.* He then responded, saying he "was driving from Utah and was making his way to Texas." *Id.*, p. 13. Defendants, prior to filing their motion to compel, reduced the scope of the interrogatory to the three days before the collision. [Doc. 30-1, p. 23]. Mahan responded to the motion by stating, without citing authority, "Defendants are not entitled to Plaintiff's whereabout and complete schedule for the week leading up to this wreck." [Doc. 32, p. 3].

Mahan's objections are meritless, particularly in light of the reduced temporal scope of the request. Without limiting the substantive scope of his response, it is clear that Defendants are entitled to information about activities which may have affected his roadworthiness or which

---

[2] In their reply, Defendants report that, after obtaining information by subpoena, they learned that the cell phone number that Mahan identified in response to Interrogatory No. 12 was deactivated two months prior to the accident. [Doc. 33, p. 5]. Because that report is in Defendants reply, Mahan has not addressed it in the briefing and so the Court will not consider it as a basis for granting the motion to compel.

may contradict his other statements. Mahan should be compelled to respond fully to the 3-day request.

## Out-Of-Pocket Expenses

Interrogatory No. 18 asked for details (amounts, payees, documentation) of out-of-pocket expenses connected to the incident. [Doc. 30-1, p. 15]. Mahan's entire response was "$1,291.61." *Id.* In his response to the motion to compel, Mahan states that all of the necessary receipts have been provided. [Doc. 32, p. 10].

Mahan's failure to provide a timely and complete response to Interrogatory No. 18 was a violation of his discovery obligations. Mahan should be compelled to respond fully to the demand for his own itemization of his out-of-pocket expenses.

## Annual Income

Defendants asked in Interrogatory No. 8 for Mahan to "list" all of his annual income from any source for the five years before the collision. [Doc. 30-1, p. 12]. Mahan objected that the information is not relevant nor proportional nor sufficiently limited in time. *Id.* He then stated, without any documentary support or further detail: "From 2017 through the present, Plaintiff earned approximately $126,000 per year." *Id.* In his response to the motion to compel, Mahan repeated his claim to have "earned approximately $126,000 per year from 2017 through the present." [Doc. 32, p. 4]. He then challenged: "Defendants will have the opportunity to cross-examine Plaintiff on this information if they believe it is incorrect." *Id.*

When he finally did disclose tax returns for 2017[3] and 2019-2021, they showed that he never earned more than half the annual income he stated in response to the interrogatory. [Doc. 32-1, pp. 13-164].

The income information demanded is inarguably essential to evaluate Mahan claim of lost wages or impaired earning capacity. The stark misrepresentation in his interrogatory response and briefing raises grave concerns about his credibility regarding his income and, inevitably, other aspects of his claims. The Court cannot fathom how Mahan can assert earnings twice what his sworn tax returns show and at the same time argue that Defendants are not entitled to any more information from him until cross-examination. It appears that he will have to admit to misrepresenting either his income or his compliance with the obligations of civil discovery. The sooner and more completely he resolves this conundrum, the better.

Mahan will be compelled to fully respond to Interrogatory No. 8.

### Sanctions for Discovery Violations

Defendants are careful in the briefing to distinguish between the standards and authorities that authorize sanctions for failure to make mandatory initial disclosures and those that govern failure to provide proper responses to written discovery. *See, e.g.*, [Doc. 33, pp. 6-7]. Defendants' recitation of Mahan's ongoing refusal to make initial disclosures regarding his previous healthcare providers and refusal to provide medical records authorizations until after replying to the motion to compel were intentional violations of the requirements of D.N.M. LR-Civ. 26.3(d). A violation of court rules of discovery may be sanctioned under Fed. R. Civ. P. 16(f).

---

[3] Mahan represented in his response to the motion to compel that he did not have his tax return for 2018. [Doc. 32, p. 2]. He did not state that would obtain it and supplement his response, but instead asserted "[t]he documents produced are sufficient." *Id.*

In addition, an unjustified failure to provide proper responses to written discovery such as interrogatories or requests for production may be sanctioned under Fed. R. Civ. P. 37 and triggers a mandatory award of expenses where a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion is filed." Fed. R. Civ. P. 37(a)(5)(A).

In this case, neither Mahan's failure to provide mandatory disclosures nor his failure to provide required responses to written discovery requests were substantially justified. It is fair and just to impose sanctions for Mahan's violation of discovery rules. The Court will award Defendants their "reasonable expenses incurred in making the motion [to compel], including attorney fees." *Id.* Defense counsel are invited to make application for such an award within fifteen (15) days of this order, including with the application an itemization of expenses and certification by counsel that the amounts claimed are reasonable and were necessary.

**IT IS SO ORDERED.**

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE